NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 09-2594

_____

BERNARDO CASTILLO
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the Board of Immigration Appeals
No. A090-260-288
Immigration Judge:  Hon. Henry S. Dogin

_____

Argued December 14, 2010

BEFORE:  SLOVITER, GREENAWAY, JR., and
STAPLETON, *Circuit Judges*

_____

(Opinion Filed January 11, 2011)

_____

Micaela M. Alvarez, Esq.
Francis X. Geier, Esq. (Argued)
416 36th Street – Suite 1
Union City, NJ  07087
  Attorneys for Petitioner

A. Marisa Chun, Esq. (Argued)
U.S. Department of Justice
950 Pennsylvania Avenue, N.W. – Room 5706
Washington, DC  20530
  and
Cindy S. Ferrier, Esq.
R. Alexander Goring, Esq.
Eric H. Holder, Jr., Esq.
Thomas W. Hussey, Esq.
Justin R. Markel, Esq.
Keith I. McManus, Esq.
Phillip M. Truman, Esq.
U.S. Department of Justice
Office of Immigration Litigation, Civil Division
P.O. Box 878
Ben Franklin Station
Washington, DC  20044
  Attorneys for Respondent

_____

OPINION OF THE COURT
_____

STAPLETON, *Circuit Judge*:

Bernardo Castillo, a native and citizen of Peru, has filed a petition for review of a decision of the Board of Immigration Appeals ("BIA").  We will grant the petition.

I.

2

Castillo entered the United States in 1985 without inspection, became a temporary resident in 1988, and adjusted to lawful permanent resident status in December 1990. Prior to that adjustment, however, in 1989, he was convicted in state court in New Jersey of receiving stolen property. In January, 1994, a New Jersey court convicted him of having committed a violation of New Jersey's shoplifting statute on July 30, 1993. He was thereafter convicted of receiving stolen property three more times and of contempt on another occasion. In light of these convictions, the Department of Homeland Security placed Castillo in removal proceedings.

Before the Immigration Judge ("IJ"), Castillo admitted his criminal history and conceded removability, but argued eligibility for, *inter alia*, cancellation of removal pursuant to Section 240A(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(a). The IJ denied relief and ordered Castillo removed from the United States. Castillo appealed, and the BIA dismissed his appeal.

## II.

We have jurisdiction over the petition for review pursuant to 8 U.S.C. § 1252(a). "Because the BIA issued its own decision, we review that decision, and not that of the IJ." *Sheriff v. Attorney Gen.*, 587 F.3d 584, 588 (3d Cir. 2009) (citing *Ezeagwuna v. Ashcroft*, 301 F.3d 116, 126 (3d Cir. 2002)). "The BIA's factual findings are reviewed for substantial evidence." *Briseno-Flores v. Attorney Gen.*, 492 F.3d 226, 228 (3d Cir. 2007).

3

"This Court reviews the BIA's legal determinations de novo, subject to the principles of deference articulated in *Chevron U.S.A. Inc. v. NRDC*, 467 U.S. 837, 844, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984)." *Id.* (citing *Wang v. Ashcroft*, 368 F.3d 347, 349 (3d Cir. 2004)). "Accordingly, 'if the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.'" *Acosta v. Ashcroft*, 341 F.3d 218, 222 (3d Cir. 2003) (quoting *Chevron*, 467 U.S. at 842-43). "On the other hand, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Id.* (internal quotation and citation omitted). "In its interpretation of the INA, the BIA should be afforded *Chevron* deference as it gives ambiguous statutory terms concrete meaning through a process of case-by-case adjudication." *Id.* (internal quotations and citations omitted).

## III.

Castillo challenges the BIA's ruling on his eligibility for cancellation of removal pursuant to 8 U.S.C. § 1229b(a). That section provides that the Attorney General may cancel the removal of an alien who (1) has been a lawful permanent resident for not less than five years, (2) "has resided in the United States continuously for 7 years after having been admitted in any status," and (3) has not been convicted of an aggravated felony. 8 U.S.C. § 1229b(a). Continuous residence, however, ends "when the alien has committed an offense . . . that renders the alien . . . removable from the United States under section

4

237(a)(2)" of the INA, 8 U.S.C. § 1227(a)(2).  8 U.S.C. § 1229b(d)(1)(B).  Under 8

U.S.C. § 1227(a)(2)(A)(ii), an alien is removable, *inter alia*, if he "is convicted of two or

more crimes involving moral turpitude, not arising out of a single scheme of criminal

misconduct."  The BIA determined that the shoplifting offense committed by Castillo on

July 30, 1993, was his second "crime involving moral turpitude," his first being his

conviction for receipt of stolen property.  Thus, ruled the BIA, Castillo was rendered

removable under 8 U.S.C. § 1227(a)(2)(A)(ii), and his period of continuous residence

ended on July 30, 1993, short of the requisite seven years, given that he was admitted as a

temporary resident in 1988.

Castillo does not maintain that the conduct proscribed by New Jersey's shoplifting

statute fails to involve "moral turpitude" within the meaning of § 1227(a)(2).  Rather, he

contends that the BIA erred in ruling that his shoplifting conviction was for a "crime"

because under New Jersey law at the time, shoplifting was not a "crime," but rather a

"disorderly persons offense."  *See* N.J. Stat. Ann. § 2C:20-11(c) (1994) ("Any person

found guilty of [shoplifting] under subsection b. is a disorderly person . . . .").  In support

of this contention, Castillo points out that under New Jersey law in 1994:

> (1) "Disorderly persons offenses . . . are petty offenses and
> are not crimes within the meaning of the Constitution of this
> State."  N.J. Stat. Ann. § 2C1-4(b) (1994).
>
> (2) "There shall be no right to indictment by a grand jury nor
> any right to trial by jury on" disorderly persons offenses.  *Id*.
>
> (3) "Conviction of such offenses shall not give rise to any
> disability or legal disadvantage."  *Id*.

5

(4) In carrying its burden of proving the element of the disorderly persons offense of shoplifting that the defendant intended to deprive the merchant of possession, the state is aided by a presumption arising from intentional concealed possession of merchandise while on the merchant's property. N.J. Stat. Ann. § 2C:20-11(d) (1994).

In further support of his contention, Castillo relies upon the BIA's decision in *In re Eslamizar*, 23 I. & N. Dec. 684 (2004), in which the respondent had been found guilty of a "violation" of an Oregon statute prohibiting shoplifting. Oregon law defined "crimes" and "violations" in mutually exclusive terms, and conviction of a "violation" did "not give rise to any disability or legal disadvantage based on conviction of a crime." *Id*. at 687. Under its law, prosecutions of "violations" involved proceedings which differed from those in criminal proceedings in that, among other things, the state needed only to prove guilt by a preponderance of the evidence. *Id*. The IJ concluded that the "Oregon judgment issued against the respondent did not qualify as a 'conviction' for a 'crime' that could give rise to immigration consequences." *Id.* at 685. The BIA agreed with this conclusion. *Id.* n.2. Its analysis placed its primary emphasis on the INA definition of "conviction" found in 8 U.S.C. § 1101(a)(48)(A). [1] While acknowledging

---

[1] 8 U.S.C. § 1101(a)(48)(A) provides:

> The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where—
>
> (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and

that the respondent had been "convicted" under a literal reading of that statutory

definition, the BIA ultimately concluded that "by 'judgment of guilt' Congress most

likely intended to refer to a judgment *in a criminal proceeding*, that is, a trial or other

proceeding whose purpose is to determine whether the accused committed a crime and

which provides the constitutional safeguards normally attendant upon criminal

adjudication." *Id.* at 687 (italics in original). The judgment against the respondent was

found not to meet this understanding of the phrase "judgment of guilt." The BIA did not

speak further on whether the respondent had committed a "crime" that could give rise to

immigration consequences.

While the BIA's opinion in Castillo's case makes clear that it regards the conduct

prohibited by New Jersey's shoplifting statute as involving moral turpitude within the

meaning of 8 U.S.C. § 1227(a)(2)(A)(ii), it does not reach the issue of whether Castillo

was "convicted of [a] crime[]" within the meaning of that statute. The BIA did not reach

that issue because it applied the then current version of the New Jersey statute rather than

the version in effect at the time of Castillo's offense. As a result, its ruling on the issue

tendered to us by Castillo was as follows:

> The respondent argues that his shoplifting offense
> should be considered a disorderly persons offense, rather than
> a crime. Under N.J. Stat. Ann. § 2C:2-11(c), there are 4
> gradations of shoplifting offenses. Three are crimes and one
> is a disorderly persons offense. The respondent has the

> (ii) the judge has ordered some form of
> punishment, penalty, or restraint on the alien's
> liberty to be imposed.

7

> burden of establishing his eligibility for any requested relief from removal. *See* 8 C.F.R. § 1240.8(d). If the evidence indicates (as is the case here) that one or more grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply. *Id.* As there is no evidence in this case that the respondent's shoplifting offense was prosecuted as a disorderly persons offense rather than a crime, the respondent has not met his burden of establishing that he is eligible for cancellation of removal under section 240A(a) of the Act.

App. at v-vi (footnote omitted).

Under § 2C:2-11(c) as it existed at the time of Castillo's shoplifting offense, all four gradations of the offense were disorderly persons offenses and, accordingly, we cannot sustain the BIA's ruling based on its supporting rationale. There is no doubt that Castillo was found guilty of a disorderly persons offense and the issue of whether that constitutes being "convicted of [a] crime[]" within the meaning of § 1227(a)(2)(A)(ii) cannot be avoided. We decline to address it in the first instance because it is an issue of some substance and because we owe *Chevron* deference to the BIA's reading of the statutes whose execution it oversees. We will remand to secure the benefit of the BIA's understanding of the phrase "convicted of [a] crime[]" as used in § 1227(a)(2)(A)(ii).

The BIA's application of the 2006 version of the statute rather than the 1994 version is not harmless error as the government suggests. While it is true that 8 U.S.C. § 1101(a)(48)(A) defines the term "conviction" for purposes of the INA and that that definition is "not dependent on the vagaries of state law," Appellee's Br. at 21 n.7, the issue posed by Castillo turns on whether he was "convicted of [a] crime[]" within the

meaning of 8 U.S.C. § 1227(a)(2)(A)(ii). That is clearly a question of federal, not state, law, but it is not one directly answered in the INA or the BIA's opinion in *Eslamizar*. While the statutory definition of "conviction" may be found to assist in the analysis, even given that definition, one must still ask "conviction" of what.

IV.

Castillo advances a "due process" argument that closely tracks the foregoing argument regarding statutory construction. Disposition of it should await the disposition of that statutory argument.

Castillo also argues that his lawful permanent resident status was erroneously rescinded in violation of the teachings of *Bamidele v. INS*, 99 F.3d 557 (3d Cir. 1996), and *Garcia v. Attorney Gen.*, 553 F.3d 724 (3d Cir. 2009). We are unpersuaded. In *Bamidele* and *Garcia*, the deportation orders of the INS rested solely on the ground that the respondents were found to have secured adjustment of status through fraud, and a five-year statute of limitations barred any attack on the alleged frauds. Here, Castillo's removal order is based on his substantial criminal record, which he acknowledged from the outset, and he points to no applicable statute of limitations that has been violated.

V.

The petition for review will be granted, and this matter will be remanded to the BIA for further proceedings consistent with this opinion.